Sandor Frankel (SF-8642)
Stuart E. Abrams (SA-6957)
FRANKEL & ABRAMS
230 Park Avenue
New York, New York 10169
(212) 661-5000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KAREN MANNO, individually and
d/b/a "Lucky Girl Music,"                :

               Plaintiff,        :   07 Civ. 10360
                                      HON. BARBARA S. JONES
    -against-                           :   **COMPLAINT**
                                             (Jury Trial
TENNESSEE PRODUCTION CENTER, INC.,       :   Demanded)
d/b/a "Chartbuster Karaoke,

               Defendant.
------------------------------------x

       Plaintiff, by her undersigned attorneys, as and for her Complaint, alleges as follows:

### JURISDICTION AND VENUE

       1.   This is an action for violations of the Copyright Laws of the United States, Title 17, United States Code.

       2.   This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338.

       3.   Venue lies in this District under 28 U.S.C. §§ 1391 and 1400 because defendant or its agents may be found here, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

       4.   Plaintiff Karen Manno d/b/a "Lucky Girl Music" ("Manno") is a citizen and resident of the State of New York, County of New York.

       5.   At all times relevant to this lawsuit, Manno

worked as a successful composer and songwriter, and she is the owner, individually or with others, of the copyrights in various compositions.

6.   On information and belief, defendant Tennessee Production Center, Inc., d/b/a "Chartbuster Karaoke" ("Chartbuster") is a corporation organized and existing under the laws of a State that is presently unknown to plaintiff, with its principal place of business at 10840 Chapman Highway, Seymour, Tennessee 37865.  Chartbuster is engaged in the business of selling and distributing "karaoke" products, as described more fully herein.

**FACTUAL BACKGROUND**

7.   Manno is the co-author of a musical composition entitled "The One" ("the composition").  The composition was recorded by Gary Allan, a well-known country music performer, and was highly successful.  In 2003, the composition was a recipient of an ASCAP Country Music Award for "Best Song."

8.   Manno is the co-owner of the copyright in the lyrics and music for the composition.  A copy of the registration certificate duly filed with the Register of Copyrights, United States Copyright Office, bearing registration number PA 1-088-714 is annexed hereto as Exhibit 1.

9.   This action arises out of Chartbuster's infringements of Manno's copyright in the composition.

10.   Chartbuster is in the business of manufacturing and distributing karaoke packages.  Karaoke packages are marketed

and sold for the intended purpose of allowing customers to sing along to popular music. Karaoke packages, including those manufactured and distributed by Chartbuster, are available through retail outlets, mail order, and numerous websites.

11. A karaoke package typically includes a recording of a performance with the words and music of a popular recording – performed by someone other than the recording artist that popularized the song – along with a separate recording of the performance with the music but not accompanying vocal performance, a written copy of the lyrics, a synchronized display of the lyrics with a visual image or alone on a screen, and, in some cases, another video image or images synchronized to the sound recording.

12. Chartbuster has released numerous karaoke packages exploiting the composition.

13. Plaintiff has not authorized Chartbuster to include the music for the composition, or the printed or synchronized lyrics for the composition, on the karaoke packages Chartbuster manufactures. Chartbuster has not obtained any license to include the composition in its karaoke packages, nor has Chartbuster obtained a license to synchronize a performance of the composition to any visual images or displayed lyrics. Plaintiff has not granted any license of any kind for Chartbuster's use of the composition in the karaoke packages it distributes.

14. Charbuster's ongoing distributions of karaoke packages containing the composition constitute multiple

infringements of Manno's copyright.

15. Chartbuster's infringements are and have been willful. Manno has specifically advised Chartbuster of her copyright in the composition, and Chartbuster's lack of legal authority to include the composition in karaoke packages. Manno has demanded that Chartbuster cease and desist from infringing her copyright, but Chartbuster has nevertheless continued to distribute karaoke packages containing the composition. Chartbuster is well aware of its obligations under the copyright laws of the United States, and even includes references to the copyright laws on its own websites. Chartbuster's brazen acts of willful infringement warrant the imposition of the maximum sanctions available under the law.

## CLAIM FOR RELIEF

16. Chartbuster's actions constitute actual and threatened willful infringements of Manno's copyright in the composition, as a result of which Manno has sustained, and, if Chartbuster is not enjoined, will continue to sustain, irreparable injury.

17. Manno should be granted all available relief under the Copyright Laws of the United States, including (1) injunctive relief; (2) a recall order; (3) impoundment and destruction of the infringing articles; (4) recovery of the greater of Chartbuster's profits and Manno's damages, or statutory damages, including statutory damages for willful infringements in the maximum amount authorized by law; and (5) recovery of the costs of

this action, including reasonable attorney's fees.

WHEREFORE, plaintiff demands judgment against defendant as follows:

1. An Order directing Chartbuster to account for all gains, profits, and other benefits derived as a result of the infringements of the copyright in the composition;

2. Judgment for plaintiff in an amount of the greater of the following: (a) The actual damages suffered by plaintiff as a result of the above-described infringements and any additional profits of defendant, or (b) The statutory damages provided for under Section 504(c) of Title 17, United States Code, including statutory damages for willful infringements;

3. A mandatory injunction, perpetually restraining and enjoining the defendant, its officers, deputies, agents, employees, representatives, and other persons in concert or participation, from infringing in any respect on the copyright in the composition;

4. An Order directing defendant to recall all infringing products, and further providing for the impoundment and destruction of the infringing products;

5. Such other, further, and different relief as to the Court may seem just and proper, including plaintiff's costs and reasonable attorneys' fees.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL LEGAL CLAIMS.**

Dated:  New York, New York
        November 14, 2007

                                            FRANKEL & ABRAMS

By: _____
    Sandor Frankel (SF-8642)
    Stuart E. Abrams (SA-6957)
230 Park Avenue
New York, NY  10169
(212) 661-5000
Attorneys for Plaintiff

EXHIBIT 1

**CERTIFICATE OF REGISTRATION**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

**FORM PA** 
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

PA 1-068-714


EFFECTIVE DATE OF REGISTRATION

1 / 11 / 2002
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼
The One

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions
SONG (Lyrics and music)

**2 a** NAME OF AUTHOR ▼
Karen Manno

DATES OF BIRTH AND DEATH
Year Born ▼ 55    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Lyrics and Music

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼
BILLY LEE (Born: William Annaruma)

DATES OF BIRTH AND DEATH
Year Born ▼ 52    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☒ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Music

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2001 ◀ Year in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Month ▶ 10  Day ▶ 02  Year ▶ 2001
USA ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Karen Manno
70 Battery Place #112
N.Y. NY 10280

APPLICATION RECEIVED
Jan 11 2002
ONE DEPOSIT RECEIVED
Jan 11 2002
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

---

**CERTIFICATE OF REGISTRATION**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified

**FORM PA** 
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE