Sandor Frankel (SF-8642)
Stuart E. Abrams (SA-6957)
FRANKEL & ABRAMS
230 Park Avenue
New York, New York 10169
(212) 661-5000
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**KAREN MANNO**, individually and
d/b/a "Lucky Girl Music,"                                  :

                                      **Plaintiff,**  :        07 Civ. 10360 (BSJ)

        -against-                                              :

**TENNESSEE PRODUCTION CENTER, INC.,** :
d/b/a "Chartbuster Karaoke",
                                                     :
                                      **Defendant.**
-----------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR ENTRY OF A DEFAULT

**Preliminary Statement**

This is an action for copyright infringement. Plaintiff is the co-author of a musical composition which defendant Tennessee Production Center, Inc., d/b/a "Chartbuster Karaoke" ("Chartbuster") has used, and continues to use, in its karaoke products without a license of any kind from plaintiff. Plaintiff seeks the maximum amount of damages under the copyright laws for Chartbuster's willful infringement of plaintiff's copyright.

As set forth in the accompanying affidavit of William J. Brady, III dated March 13, 2008 ("the Brady Aff."), on November 15, 2007 plaintiff commenced this action by filing the complaint. Brady Aff., Ex. 1. On November 20, 2007, plaintiff mailed a Notice of Lawsuit and

Request for Waiver of Service of Summons to Chartbuster. Brady Aff., Ex. 2. Chartbuster did not respond in any way to the Notice of Lawsuit and Request for Waiver of Service of Summons.

As a result, plaintiff had Chartbuster personally served with a copy of the Summons and Complaint on January 18, 2008. A copy of the affidavit of service is annexed to the Brady Affidavit as Ex. 3. To date, Chartbuster has not answered the complaint, communicated with plaintiff or her counsel, or appeared in this action in any way.

## ARGUMENT

### PLAINTIFF IS ENTITLED TO THE ENTRY OF A DEFAULT AGAINST CHARTBUSTER

Federal Rule of Civil Procedure ("FRCP") 55 governs the entry of judgment by default. Pursuant to FRCP 55(a) the clerk is obligated to enter a default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise ..." Here, as set forth in the Brady Affidavit and the exhibits thereto, Chartbuster was served personally with the complaint in this action on January 18, 2008 (Brady Aff., Ex. 3). Pursuant to FRCP 4, Chartbuster had 20 days to respond to the Complaint, which expired on February 7, 2008. It is now March 13, 2008 and Chartbuster has failed to plead, otherwise defend, or respond in any way to the Complaint served upon it on January 18, 2008.

## CONCLUSION

For all of the foregoing reasons, the clerk should enter a default against Chartbuster in this action.

Dated: New York, New York
March 13, 2008

FRANKEL & ABRAMS

*/s/ William J. Brady, III*
Stuart E. Abrams (SA-6957)
William J. Brady, III (WB-5965)
Attorneys for Plaintiff
230 Park Avenue
New York, New York 10169
(212) 661-5000
