Sandor Frankel (SF-8642)
Stuart E. Abrams (SA-6957)
FRANKEL & ABRAMS
230 Park Avenue
New York, New York 10169
(212) 661-5000
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**KAREN MANNO, individually and**
**d/b/a "Lucky Girl Music,"**                              :

        **Plaintiff,** :    07 Civ. 10360 (BSJ)

   -against-     :

            **AFFIDAVIT IN SUPPORT**
**TENNESSEE PRODUCTION CENTER, INC.,** : **OF PLAINTIFF'S MOTION**
**d/b/a "Chartbuster Karaoke",**    **FOR JUDGMENT BY DEFAULT**

           :

       **Defendant.**
-----------------------------------------------------------x

**STATE OF NEW YORK** )
         ):ss.
**COUNTY OF NEW YORK** )

   **WILLIAM J. BRADY, III**, being duly sworn, deposes and says:

   1.   I am associated with the firm of Frankel & Abrams, attorneys for plaintiff in this

action. I respectfully submit this affidavit in support of plaintiff's motion for order granting

plaintiff judgment by default in this action.

   2.   Annexed hereto as Exhibit 1 is a true and accurate copy of the Complaint in this

action ("the Complaint"), bearing the Clerk's stamp indicating that it was filed on November 15,

2007.

   3.   Annexed hereto as Exhibit 2 is a true and accurate copy of the Notice of Lawsuit

and Request for Waiver of Service of Summons which we mailed to defendant Tennessee

Production Center, Inc., d/b/a "Chartbuster Karaoke" ("Chartbuster") on November 20, 2007. Chartbuster did not respond in any way to the Notice of Lawsuit and Request for Waiver of Service of Summons.

4.     Annexed hereto as Exhibit 3 is a true and accurate copy of an affidavit of service in this action indicating that Chartbuster was personally served with a copy of the Complaint at its offices in Tennessee on January 18, 2008.

5.     To date, Chartbuster has not answered the complaint, communicated with plaintiff or her counsel, or appeared in this action in any way.

6.     A default was entered against Chartbuster by the Clerk, pursuant to FRCP 55(a) on March 28, 2008.  A copy of the Clerk's Certificate of default is annexed hereto as Exhibit 4.

7.     A copy of a page from Chartbuster's website warning against copyright infringement is attached as Exhibit 5.

8.     Correspondence between plaintiff and Chartbuster advising Chartbuster of its infringement of plaintiff's copyright and demanding that Chartbuster cease and desist such infringement, and Chartbuster's response, are annexed hereto as Exhibit 6, collectively.

9.     A copy of a web page dated May 29, 2008 reflecting the availability for sale of a karaoke compilation manufactured by Chartbuster and including plaintiff's composition is annexed hereto as Exhibit 7.

10.    Annexed hereto as Exhibit 8 is a Proposed Order and Default Judgment, granting the instant motion.


_____
William J. Brady, III

Sworn to before me this
_____ day of May, 2008


_____
Notary Public

3

**EXHIBIT 1**

Sandor Frankel (SF-8642)
Stuart E. Abrams (SA-6957)
FRANKEL & ABRAMS
230 Park Avenue
New York, New York 10169
(212) 661-5000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KAREN MANNO, individually and
d/b/a "Lucky Girl Music,"           :

                         Plaintiff  :       **07 CV 10360**

        -against-                   :       **COMPLAINT**
                                            (Jury Trial
TENNESSEE PRODUCTION CENTER, INC.,  :        Demanded)
d/b/a "Chartbuster Karaoke,
                                    :

                         Defendant. :
------------------------------------x

        Plaintiff, by her undersigned attorneys, as and for her

Complaint, alleges as follows:

                    **JURISDICTION AND VENUE**

        1.    This is an action for violations of the Copyright

Laws of the United States, Title 17, United States Code.

        2.    This Court has jurisdiction of this action under

28 U.S.C. §§ 1331 and 1338.

        3.    Venue lies in this District under 28 U.S.C. §§

1391 and 1400 because defendant or its agents may be found here,

and because a substantial part of the events or omissions giving

rise to the claim occurred in this District.

                           **PARTIES**

        4.    Plaintiff Karen Manno d/b/a "Lucky Girl Music"

("Manno") is a citizen and resident of the State of New York,

County of New York.

        5.    At all times relevant to this lawsuit, Manno

worked as a successful composer and songwriter, and she is the owner, individually or with others, of the copyrights in various compositions.

6.    On information and belief, defendant Tennessee Production Center, Inc., d/b/a "Chartbuster Karaoke" ("Chartbuster") is a corporation organized and existing under the laws of a State that is presently unknown to plaintiff, with its principal place of business at 10840 Chapman Highway, Seymour, Tennessee 37865.   Chartbuster is engaged in the business of selling and distributing "karaoke" products, as described more fully herein.

<b><u>FACTUAL BACKGROUND</u></b>

7.    Manno is the co-author of a musical composition entitled "The One" ("the composition").   The composition was recorded by Gary Allan, a well-known country music performer, and was highly successful.   In 2003, the composition was a recipient of an ASCAP Country Music Award for "Best Song."

8.    Manno is the co-owner of the copyright in the lyrics and music for the composition.   A copy of the registration certificate duly filed with the Register of Copyrights, United States Copyright Office, bearing registration number PA 1-088-714 is annexed hereto as Exhibit 1.

9.    This action arises out of Chartbuster's infringements of Manno's copyright in the composition.

10.   Chartbuster is in the business of manufacturing and distributing karaoke packages.   Karaoke packages are marketed

and sold for the intended purpose of allowing customers to sing along to popular music.  Karaoke packages, including those manufactured and distributed by Chartbuster, are available through retail outlets, mail order, and numerous websites.

11.   A karaoke package typically includes a recording of a performance with the words and music of a popular recording – performed by someone other than the recording artist that popularized the song – along with a separate recording of the performance with the music but not accompanying vocal performance, a written copy of the lyrics, a synchronized display of the lyrics with a visual image or alone on a screen, and, in some cases, another video image or images synchronized to the sound recording.

12.   Chartbuster has released numerous karaoke packages exploiting the composition.

13.   Plaintiff has not authorized Chartbuster to include the music for the composition, or the printed or synchronized lyrics for the composition, on the karaoke packages Chartbuster manufactures.  Chartbuster has not obtained any license to include the composition in its karaoke packages, nor has Chartbuster obtained a license to synchronize a performance of the composition to any visual images or displayed lyrics. Plaintiff has not granted any license of any kind for Chartbuster's use of the composition in the karaoke packages it distributes.

14.   Charbuster's ongoing distributions of karaoke packages containing the composition constitute multiple

3

infringements of Manno's copyright.

15.    Chartbuster's infringements are and have been willful.  Manno has specifically advised Chartbuster of her copyright in the composition, and Chartbuster's lack of legal authority to include the composition in karaoke packages.  Manno has demanded that Chartbuster cease and desist from infringing her copyright, but Chartbuster has nevertheless continued to distribute karaoke packages containing the composition. Chartbuster is well aware of its obligations under the copyright laws of the United States, and even includes references to the copyright laws on its own websites.  Chartbuster's brazen acts of willful infringement warrant the imposition of the maximum sanctions available under the law.

### CLAIM FOR RELIEF

16.    Chartbuster's actions constitute actual and threatened willful infringements of Manno's copyright in the composition, as a result of which Manno has sustained, and, if Chartbuster is not enjoined, will continue to sustain, irreparable injury.

17.    Manno should be granted all available relief under the Copyright Laws of the United States, including (1) injunctive relief; (2)  a recall order; (3) impoundment and destruction of the infringing articles; (4) recovery of the greater of Chartbuster's profits and Manno's damages, or statutory damages, including statutory damages for willful infringements in the maximum amount authorized by law; and (5) recovery of the costs of

this action, including reasonable attorney's fees.

WHEREFORE, plaintiff demands judgment against defendant as follows:

1. An Order directing Chartbuster to account for all gains, profits, and other benefits derived as a result of the infringements of the copyright in the composition;

2. Judgment for plaintiff in an amount of the greater of the following: (a) The actual damages suffered by plaintiff as a result of the above-described infringements and any additional profits of defendant, or (b) The statutory damages provided for under Section 504(c) of Title 17, United States Code, including statutory damages for willful infringements;

3. A mandatory injunction, perpetually restraining and enjoining the defendant, its officers, deputies, agents, employees, representatives, and other persons in concert or participation, from infringing in any respect on the copyright in the composition;

4. An Order directing defendant to recall all infringing products, and further providing for the impoundment and destruction of the infringing products;

5. Such other, further, and different relief as to the Court may seem just and proper, including plaintiff's costs and reasonable attorneys' fees.

5

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL LEGAL CLAIMS.**

Dated:     New York, New York
           November 14, 2007

                              FRANKEL & ABRAMS

                              By:
                                 Sandor Frankel (SF-8642)
                                 Stuart E. Abrams (SA-6957)
                              230 Park Avenue
                              New York, NY  10169
                              (212) 661-5000
                              Attorneys for Plaintiff

6

EXHIBIT 1

## CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE



PA 1-066-714

EFFECTIVE DATE OF REGISTRATION

1    11    2002
Month  Day  Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

*The One*

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions

*Song (Lyrics and Music)*

**2**

**a** NAME OF AUTHOR ▼

*Karen Manno*

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ *USA*
{ Domiciled in ▶ *USA*

DATES OF BIRTH AND DEATH
Year Born ▼ *55*    Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
*Lyrics and Music*

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

*Billy Lee (Born: William Annaruma)*

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ *USA*
{ Domiciled in ▶ *USA*

DATES OF BIRTH AND DEATH
Year Born ▼ *52*    Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☑ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
*Music*

**c** NAME OF AUTHOR ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given
*2001* ◀ Year in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ *10*  Day ▶ *02*  Year ▶ *2001*
Nation *USA*

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

*Karen Manno*
*70 Battery Place #112*
*NY, NY, 10280*

See instructions before completing this space.

APPLICATION RECEIVED
Jan 11 2002
ONE DEPOSIT RECEIVED
Jan 11 2002
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶**
- Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
- See detailed instructions.
- Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

---

## CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE



**EXHIBIT 2**

**Notice of Lawsuit and Request for Waiver of Service of Summons**

TO:    Tennessee Production Center, Inc.
       10840 Chapman Highway
       Seymour, TN 37865

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 07 CV 10360 (BSJ).

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 60 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot of) the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 20th day of November, 2007.

Signature of Plaintiff's Attorney
Stuart E. Abrams

Effective A/O 12/1/93 in compliance with
Federal Rules of Civil Procedure 4
SDNY Web 4/99

## Waiver of Service of Summons

TO: Stuart E. Abrams

     I acknowledge receipt of your request that I waive service of a summons in the action of Manno v. Tennessee Production Center Inc. which is case number 07cv10360 (BSJ) in the United States District Court for the Southern District of New York.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after November 20, 2007, or within 90 days after that date if the request was sent outside the United States.

_____    _____

Date                              Signature
                               Printed/typed name:_____

                                       {as_____}

                                       {of_____}

#### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes tht the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against the defendant.  By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4
SDNY Web 4/99

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

KAREN MANNO, individually and
d/b/a "Lucky Girl Music,"

        Plaintiff,

        -against-

TENNESSEE PRODUCTION CENTER, INC.,
d/b/a "Chartbuster Karaoke,

        Defendant.

------------------------------------------------X

Case No. 07 CV 10360
(Judge Jones)

AFFIDAVIT OF SERVICE

STATE OF TENNESSEE    )
                 S.S.:
COUNTY OF KNOX       )

        Robert Gooden        , being duly sworn, deposes and says that he/she is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

        That on the 18th day of January, 2008, at approximately the time of _2:10 PM_, deponent served a true copy of the SUMMONS IN A CIVIL ACTION AND COMPLAINT upon TENNESSEE PRODUCTION CENTER, INC. at 10840 Chapman Highway, Seymour, TN, by personally delivering and leaving the same with   Dana King   who informed deponent that she holds the position of Office Mgr with that company and is authorized by appointment to receive service at that address.

    _DANA KING_    is a _W/M_ , approximately _30_ years of age, stands approximately _5_ feet _8_ inches tall, weighs approximately _140_ pounds with _BRO_ hair.

_____
PROCESS SERVER

Sworn to before me this
_4_ day of February, 2008

_____
NOTARY PUBLIC

S., Inc.
Broadway
10
NY 10013
925-1220
.dlsny.com

MY COMMISSION EXPIRES:
March 9, 2011

Received Time Feb. 1. 2:34PM

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KAREN MANNO,

                  Plaintiff,                     **<u>Clerk's Certificate</u>**

     -against-                          07  Civil 10360(BSJ)

TENNESSEE PRODUCTION CENTER INC.,
                   Defendant.
-------------------------------------------------------X

     I, J. Michael McMahon,  Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on Nov 15, 2007 with the filing of a complaint, and service of the complaint having been made on the above-captioned defendant, and proof of services having been filed with the Court on Feb 7, 2008.

     I, further certify that the docket entries indicate that the above named defendants has neither filed an answer or otherwise moved with respect to the complaint.  The default of the named defendant is hereby noted.

**DATED:** New York, New York
       March 28, 2008                    **J. MICHAEL McMAHON**
                                  Clerk of the Court

                          By:_____
                                  Deputy Clerk

**EXHIBIT 5**

# WARNING
# Copyright Infringement

## is it really worth it?

If you are copying CD+G Karaoke Discs for your friends, downloading Karaoke files without paying, loading up or swapping hard drives without proper authorization, the message is simple, **YOU ARE BREAKING THE LAW!** You face serious consequences if you illegally swap files or copy a disc for someone else. **The only way not to get caught is to stop.**

You're not only stealing from the Karaoke Manufactures, but also from the Music Publishers and the Songwriters. We all want to know who is stealing the music. If you know a KJ, DJ, a Club or any person that is involved in these illegal activities, please call 800-347-5504 or Click Below to...



You will remain anonymous. By supporting the illegal copying and distribution of bootlegged Karaoke CD+Gs or hard drives loaded with thousands of songs, you put the legitimate manufactures, dealers and distributors out of business. As a result no new products will become available.

We need your help now!!! RIAA, the Music Publishers and the Karaoke Music Producers will prosecute the offenders. Remember copyright infringement is a Federal Offense and you could be fined up to $250,000 and imprisoned for up to 5 years or both.

## IS IT REALLY WORTH IT?

Help us stop the stealing of our music before we have to stop making anymore.

# The future of Karaoke is in your hands . . .



©2006 Karaoke Music Producers Coalition

**EXHIBIT 6**

**Begin forwarded message:**

**From:** Shannon Owens <sowens@tnpro.com>
**Date:** January 31, 2007 3:50:55 PM EST
**To:** 'Karen Manno' <kmanno@nyc.rr.com>
**Subject: RE: Second attempt. THE ONE. Unlicensed use**

Hello Karen, I hope all is well. I just wanted to let you know that I did receive your email and I am working on preparing the license request to send over to you I will send that over as soon as it's completed. Let me know if you have any questions or concerns.

Thank You,

Shannon Owens



*Shannon N. Owens*

*Licensing Administrator*

*10840 Chapman Hwy.*

*Seymour, TN 37865*

*1-800-347-5504 Ext. 535*

*Fax: 865-342-2557*

sowens@tnpro.com

**From:** Karen Manno [mailto:kmanno@nyc.rr.com]
**Sent:** Wednesday, January 31, 2007 1:29 PM
**To:** sowens@tnpro.com
**Cc:** LUCKYGIRLMusic@aol.com
**Subject:** Second attempt. THE ONE. Unlicensed use

Dear Shannon,
I hope this note finds you well. May I streamline the issue:
Chartbuster Karaoke has not licensed or paid royalties for the use of our material.
The song is, THE ONE, as recorded by Gary Allan.
We request payment as of today on the following releases:

1) Chartbuster 6+6 Country Hits
Catalogue#: CDG20332
Title: Gary Allan Vol. 1

2) Chartbuster 15 Time Line Series
Catalogue #:CDG80161
Title: Best of Country Male 2002

3) Chartbuster Single Artist Collection
Catalogue #: CDG90257

4) Chartbuster Karaoke
Title: Gary Allan
Catalogue #: CDCB9257

50% payment should be made to Lucky Girl Music, accompanied by royalty statements of all sales.
Please call me at our legal department at the number below.
We are looking forward to a hasty and amicable resolution to the unauthorized use of our material.
Sincerely,
Karen Manno

**lucky girl** music/number nine music
500 East 85th Street # 2-C
New York, N.Y. 10028

tel: 212.744.3881
kmanno@nyc.rr.com

**Begin forwarded message:**

**From:** Karen Manno <kmanno@nyc.rr.com>
**Date:** January 31, 2007 5:32:27 PM EST
**To:** Shannon Owens <sowens@tnpro.com>
**Subject: Re: Second attempt. THE ONE. Unlicensed use**

Hi Shannon,
Fantastic. Might you be able to check your data base for any releases of our song that we are not aware of?
If you could provide us with the number of units sold to date for each release, we would appreciate it.
Thank you for expediting this matter, and I look forward to receiving your mechanical license requests.
Best,
Karen Manno

**lucky girl** music/number nine music
500 East 85th Street # 2-C
New York, N.Y. 10028

tel: 212.744.3881
kmanno@nyc.rr.com

**Begin forwarded message:**

**From:** Karen Manno <kmanno@nyc.rr.com>
**Date:** February 1, 2007 1:31:54 PM EST
**To:** Shannon Owens <sowens@tnpro.com>
**Subject:** Re: Second attempt. THE ONE. Unlicensed use

Dear Shannon,
In response to your email offering assistance, I bring to your attention a few of the many additional unlicensed uses of our song, THE ONE, our associates have tracked.
1) Chartbuster:sheet music
    Gary Allan (Karoake CD)
    Catalogue #: CDB9357

2) Music Maestro (Disc on demand services)
    ID: MM02432

3) NorthStar Country
    Catalogue #: CDNM3025
    Release date: April 2002

There are several unlicensed uses on the following subsidiaries of Chartbuster:
Music Maestro
NorthStar
Pop Hits Monthly
Pocket Songs
StarDisc
Disc on Demand
Monster Hits

The complete list of unlicensed uses are not included in this email.
We would appreciate if you can access your data base for a complete list of usages, so we may compare and begin to assist each other in an amicable timely solution to this matter.
Sincerely,
Karen Manno

**lucky girl** music/number nine music
500 East 85th Street # 2 C
New York, N.Y. 10028

tel: 212.744.3881
kmanno@nyc.rr.com

3) NorthStar Country
Catalogue #: CDNM3025
Release date: April 2002

There are several unlicensed uses on the following subsidiaries of Chartbuster:
Music Maestro
NorthStar
Pop Hits Monthly
Pocket Songs
StarDisc
Disc on Demand
Monster Hits

The complete list of unlicensed uses are not included in this email.
We would appreciate if you can access your data base for a complete list of usages, so we may compare and begin to assist each other in an amicable timely solution to this matter.
Sincerely,
Karen Manno

**lucky girl** music/number nine music
500 East 85th Street # 2-C
New York, N.Y. 10028

tel: 212.744.3681
kmanno@nyc.rr.com

Begin forwarded message:

**From:** Karen Manno <KMANNO@NYC.RR.COM>
**Date:** March 22, 2007 2:50:14 PM EDT
**To:** Shannon Owens <sowens@tnpro.com>
**Subject: Notice of cease and desist**

Dear Shannon,
Chartbuster Karaoke has refused to comply with licensing and payment of our copyrighted material, our song: THE ONE.
Publishers: Lucky Girl Music/Migraine Music. Upon receipt of this notice, in accordance with copyright law,
Chartbuster Karaoke shall remove our song from all of its products, and cease and desist all uses.
-Karen Manno

**lucky girl music/number nine music**
500 East 85th Street # 2-C
New York, N.Y.  10028

tel: 212.744.3881
kmanno@nyc.rr.com

**EXHIBIT 7**

 

**Karaoke Music**    **Karaoke Players**    **Contact**    **FAQ**    **Specials**

## One, The Karaoke by Gary Allan

This song is available on any of these products:

| Product Name | Media type | Manufacturer | Price |
|---|---|---|---|
| Country Timeline Male Hits of 2002 Vol 1 | CDG | Chartbuster | $15.99 |
| Male Country Hits of 2002 | CDG | Monster Hits | $15.99 |
| Super Sized Country w/CD Wallet (53 Discs) | CDG | Monster Hits | $397.99 |
| Apr 2002 | CDGM | NorthStar | $7.99 |
| April 2002 | CDGM | Pop Hits Monthly | $12.99 |
| Monster Hits Library 2500 Songs with CD Wallet (159 Discs) | CDG | Monster Hits | $1497.99 |



 You

Sign in to

Find Musi

Song Title

Artist / Ban

Advan

Music Cate
Christmas Son
Broadway Musi
Christian Music
Country Music
Elvis Presley S
Disney Music
Halloween Mus
Karaoke CD Pa
Patriotic Songs
Pop/Rock Musi
Childrens' Musi
Wedding Song

View all catego

**EXHIBIT 8**

Sandor Frankel (SF-8642)
Stuart E. Abrams (SA-6957)
FRANKEL & ABRAMS
230 Park Avenue
New York, New York 10169
(212) 661-5000
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**KAREN MANNO, individually and**
**d/b/a "Lucky Girl Music,"**                        :

                           **Plaintiff,**    :        07 Civ. 10360 (BSJ)

             **-against-**                        :

**TENNESSEE PRODUCTION CENTER, INC.,**  :        **[PROPOSED]**
**d/b/a "Chartbuster Karaoke",**                                **ORDER AND**
                                :        <u>**DEFAULT JUDGMENT**</u>

                     **Defendant.**    :
-----------------------------------------------------------x

**Hon. BARBARA S. JONES**, District Judge:

      **WHEREAS** plaintiff's Complaint in the above-captioned action was filed with the Clerk

of this Court on November 15, 2007 and personally served on defendant Tennessee Productions

Center, Inc., d/b/a "Chartbuster Karaoke" ("Chartbuster") on January 18, 2008;

      **WHEREAS** Chartbuster has not answered the complaint, communicated with plaintiff or

her counsel, or appeared in this action in any way;

      **WHEREAS** upon plaintiff's motion a default was entered against Chartbuster by the

Clerk of the Court pursuant to FRCP 55(a) on March 28, 2008;

      **WHEREAS** plaintiff moved on May 30, 2008 for entry of default judgment against

Chartbuster;

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that

(A) defendant Tennessee Productions Center, Inc., d/b/a "Chartbuster Karaoke" is found and adjudged to be liable to plaintiff Karen Manno, individually, and d/b/a as Lucky Girl Music for the claims alleged in the Complaint in this action;

(B) defendant Tennessee Productions Center, Inc., d/b/a "Chartbuster Karaoke", its officers, deputies, agents, employees, representatives, and other persons in concert or participation, are enjoined and restrained from infringing in any respect on the copyright in the composition entitled "The One" ("the composition");

(C) defendant Tennessee Productions Center, Inc., d/b/a "Chartbuster Karaoke" shall recall all infringing products containing the composition, and all such infringing products shall be impounded and destroyed;

(D) defendant Tennessee Productions Center, Inc., d/b/a "Chartbuster Karaoke" is found and adjudged to be liable to plaintiff Karen Manno in the amount of $300,000.00

( E) defendant Tennessee Productions Center, Inc., d/b/a "Chartbuster Karaoke" is found and adjudged to be liable to plaintiff Karen Manno for plaintiff's costs, including reasonable attorneys' fees in an amount to be determined.

SO ORDERED:
Dated: June    , 2008

_____

Hon. Barbara S. Jones
U.S.D.J.

2