Sandor Frankel (SF-8642)
Stuart E. Abrams (SA-6957)
FRANKEL & ABRAMS
230 Park Avenue
New York, New York 10169
(212) 661-5000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KAREN MANNO, individually and
d/b/a "Lucky Girl Music,"                       :

         Plaintiff,  :   07 Civ. 10360 (BSJ)

   -against-                              :

TENNESSEE PRODUCTION CENTER, INC.,  :
d/b/a "Chartbuster Karaoke",
               :
         Defendant.
-----------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR AN ORDER GRANTING A JUDGMENT BY DEFAULT AGAINST DEFENDANT TENNESSEE PRODUCTION CENTER, INC.

#### Preliminary Statement

This is an action for copyright infringement. Plaintiff is the co-author of a musical composition which defendant Tennessee Production Center, Inc., d/b/a "Chartbuster Karaoke" ("Chartbuster") has used, and continues to use, in its karaoke products without a license of any kind from plaintiff. Plaintiff seeks the maximum amount of damages under the copyright laws for Chartbuster's willful infringement of plaintiff's copyright.

As set forth in the accompanying affidavit of William J. Brady, III dated May 30, 2008 ("the Brady Aff."), on November 15, 2007 plaintiff commenced this action by filing the complaint. Brady Aff., Ex. 1. On November 20, 2007, plaintiff mailed a Notice of Lawsuit and

Request for Waiver of Service of Summons to Chartbuster. Brady Aff., Ex. 2. Chartbuster did not respond in any way to the Notice of Lawsuit and Request for Waiver of Service of Summons.

As a result, plaintiff had Chartbuster personally served with a copy of the Summons and Complaint on January 18, 2008. A copy of the affidavit of service is annexed to the Brady Affidavit as Ex. 3. To date, Chartbuster has not answered the complaint, communicated with plaintiff or her counsel, or appeared in this action in any way.

A default was entered against Chartbuster by the Clerk, pursuant to FRCP 55(a) on March 28, 2008. A copy of the Clerk's Certificate of default is annexed to the Brady Affidavit as Exhibit 4.

Chartbuster's own website contained a warning against copyright infringement, indicating an awareness of the copyright laws and the penalties for violation of those laws. A copy of the relevant page from Chartbuster's website is attached to the Brady Affidavit as Exhibit 5.

After plaintiff became aware of Chartbuster's infringing behavior, plaintiff sent Chartbuster a series of written communications via email advising Chartbuster of its infringement on plaintiff's copyright and demanding that Chartbuster cease and desist such behavior. Chartbuster's Licensing Administrator responded in writing, representing that Chartbuster was preparing a license request, but no such request was ever received by plaintiff. Copies of plaintiff's written correspondence with Chartbuster regarding its infringing conduct are annexed to the Brady Affidavit as Exhibit 6, collectively.

As of May 29, 2008, an infringing compilation manufactured by Chartbuster containing a copy of plaintiff's composition was still being offered for sale on the internet. A copy of a web page reflecting that offer is annexed to the Brady Affidavit as Exhibit 7.

## ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT AGAINST CHARTBUSTER

Federal Rule of Civil Procedure ("FRCP") 55 governs the entry of judgment by default. Here, as set forth in the Brady Affidavit and the exhibits thereto, Chartbuster was served personally with the complaint in this action on January 18, 2008 (Brady Aff., Ex. 3). Pursuant to FRCP 4, Chartbuster had 20 days to respond to the Complaint, which expired on February 7, 2008. On March 13, 2008 when Chartbuster had failed to plead, otherwise defend, or respond in any way to the Complaint served upon it on January 18, 2008, plaintiff made a motion for the entry of a default pursuant to FRCP 55(a). On March 28, 2008, the Clerk issued a Certificate noting Chartbuster's default in this matter (Ex. 4, Brady Aff.).

Chartbuster has still not responded to the Complaint or communicated with plaintiff or her counsel in any way. Plaintiff is now entitled to a default judgment pursuant to FRCP 55.

### POINT II

### THIS COURT SHOULD GRANT PLAINTIFF THE MAXIMUM DAMAGES AVAILABLE UNDER THE LAW

A default having been entered against Chartbuster in this action, all issues of liability are deemed resolved and all that remains is for the Court to determine the amount of damages to which plaintiff is entitled. A defaulting party "is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62 (1st Cir. 2002). Where a court determines that the defendant is in default, the factual allegations of the complaint, except those

relating to the amount of damages, will be taken as true. Chen v. Jenna Lane, Inc., 30 F.Supp.2d 622 (S.D.N.Y. 1998). Plaintiff here seeks injunctive relief, enjoining Chartbuster from further publication or exploitation of plaintiff's composition, unless licensed by plaintiff. Additionally, plaintiff seeks statutory damages pursuant to §504( c) of the Copyright Act. §504 ( c)(1) of the Copyright Act provides, in pertinent part, that

> "The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."

However, §504( c)(2) of the Copyright Act provides that if a defendant's infringement was committed willfully, the court has discretion to increase an award of statutory damages to no more than $150,000 per work. Here, because the record establishes that Chartbuster committed its infringements willfully, plaintiff seeks statutory damages at the maximum of $150,000 per work.

### A. Defendant's Infringement Was Willful

The Second Circuit has held that "for the purpose of awarding enhanced statutory damages under §504( c)(2), an infringement is 'willful' if the defendant had 'knowledge that its actions constitute an infringement.'" Such knowledge may be actual or constructive, need not be proven directly and may be inferred from the infringer's conduct. N.A.S. Import, Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 252 (2d Cir. 1992). Willfulness warranting the enhanced statutory damages may also be found where the infringer has acted with reckless

4

disregard of the copyright holder's rights, even if the infringer is without actual knowledge of the infringement. N.A.S. Import Corp., at 252 (citing cases).

Here, there can be no doubt that Chartbuster had knowledge that it was infringing on plaintiff's copyright. Chartbuster was aware of the copyright laws in general as evidenced by a warning against infringing behavior which appeared on Chartbuster's own website (Brady Aff., Ex. 5).

Chartbuster was also specifically aware of its infringement of plaintiff's copyright because plaintiff advised Chartbuster of such infringement in writing on several occasions and demanded that Chartbuster cease that infringement. Chartbuster's own Licensing Administrator wrote back to plaintiff claiming to be in the process of preparing a license request, although no such request was ever received by plaintiff (Brady Aff., Ex. 6). Nevertheless, Chartbuster continued to make and sell infringing copies of plaintiff's composition. Indeed, a copy of an infringing compilation manufactured by Chartbuster was advertised for sale on the internet as recently as May 29, 2008 (Brady Aff., Ex. 7).

These circumstances are sufficient to justify a finding of willfulness. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 112 (2d Cir. 2001) (willfulness found where defendant's primary decision maker had been in the jewelry business for over 23 years and had intellectual property counsel for 12 years); N.A.S. Import, Corp. v. Chenson Enterprises, Inc., 968 F.2d 250 (2d Cir.1992) (willfulness found where defendant continued to sell infringing items after its own attorney wrote to plaintiff representing that it would cease doing so); Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc., 807 F.2d 1110 (2d Cir. 1986) (willfulness found based on defendant's knowledge as an experienced publisher that his actions constituted copyright infringement);

Tiffany (NJ) Inc. v. Luban, 282 F.Supp.2d 123, (S.D.N.Y. 2003) (wilfulness found where defendants acted willfully in continuing their counterfeit sales even after being placed on notice by plaintiff); Controversy Music v. Down Under Pub Tyler, Inc., 488 F.Supp.2d 572 (E.D.Tex. 2007) (willfulness found where undisputed evidence indicated that defendants knew that their conduct violated copyrights); EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F.Supp.2d 67 (D.Puerto Rico 2006)(willfulness found where defendants performed copyrighted compositions after being put on notice that such performance would constitute infringement); Blue Ribbon Pet Products, Inc. v. Rolf C. Hagen (USA) Corp., 66 F.Supp.2d 454, (S.D.N.Y., 1999) (willfulness found where infringer was on notice that its conduct would violate copyright and acted with knowledge or at least reckless disregard).

Therefore, Chartbuster, which is an experienced publisher of copyrighted musical compositions, and was specifically put on notice that its conduct would violate plaintiff's copyrights, was clearly guilty of willful infringement when it continued to sell infringing copies of plaintiff's composition after such notice.

### B. Maximum Statutory Damages Are Warranted For Deterrent Effect

Due at least in part to Chartbuster's default in this matter, plaintiff is unable to establish what its actual damages are. However, statutory damages are not meant to be merely compensatory or restitutionary but are also intended to deter wrongful conduct. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 113 (2d Cir. 2001). Courts should formulate a damage award that will achieve the deterrent purposes served by the statutory damages provision, putting defendants on notice that it costs less to obey the Copyright Act than to violate it. EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F.Supp.2d 67, 75 (D.Puerto Rico 2006). The deterrence

factor is particularly important where, as here, the infringing product was sold and marketed over the internet to a virtually limitless number of customers. Tiffany (NJ) Inc. v. Luban, 282 F.Supp.2d 123, 125 (S.D.N.Y. 2003).

### C. The Court Should Award Plaintiff Attorneys' Fees

The Copyright Act provides, at § 505, that the award of attorneys' fees is within the sound discretion of the court. In accordance with the intent of the Copyright Act to encourage suits to redress infringement, such fees are generally awarded to a prevailing plaintiff. N.A.S. Import, Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 254 (2d Cir. 1992). "The Fifth Circuit has stated that, though attorneys' fees in copyright cases are discretionary, they are 'the rule rather than the exception and should be awarded routinely.'" (citations omitted). Controversy Music v. Down Under Pub Tyler, Inc., 488 F.Supp.2d 572, 579 (E.D.Tex. 2007).

Plaintiff anticipates that it may incur significant attorneys' fees in attempts to enforce the default judgment against Chartbuster and therefore, requests that the Court award plaintiff attorneys' fees in an amount to be determined following such enforcement.

### D. The Lyrics To Plaintiff's Composition Constitute A Separate Infringement

Chartbuster's infringement in this case extends not only to plaintiff's musical composition itself, but also to the lyrics for that composition which are simultaneously displayed on the screen when the composition is played, allowing the consumer to sing along with the composition. It is well-settled that the lyrics to a musical composition are separately copyrightable as literary works and therefore enjoy separate protection under the Copyright Act. Leadsinger, Inc. v. BMG Music Publishing, et al., 512 F.3d 522, 527 (9th Cir. 2008); Zomba Enterprises, Inc. v. Panorama Records, Inc., 491 F.3d 574, 578, n. 1 (6th Cir. 2007). Therefore,

plaintiff should be granted damages in the amount of $150,000 each for the infringement of her musical composition and the lyrics to that composition, in the amount of $300,000.

## CONCLUSION

For all of the foregoing reasons, this Court should grant plaintiff a default judgment against Chartbuster in this action in the amount of $300,000.00, plus reasonable attorneys' fees in an amount to be determined.

Dated: New York, New York
       May 30, 2008

FRANKEL & ABRAMS

/s/ Stuart E. Abrams (SA-6957)
William J. Brady, III (WB-5965)
Attorneys for Plaintiff
230 Park Avenue
New York, New York 10169
(212) 661-5000